JEFFREY MARS, d/b/a Mars Sewer Service, Plaintiff-Appellant, v. GEORGE PRIESTER, d/b/a Priester Aviation Service, *et al.*, Defendants (Leonard Dombrowski, d/b/a The Plumbing and Heating Company, Defendant-Appellee).

First District (3rd Division)  No. 1—90—0590

Opinion filed November 7, 1990.—Rehearing denied December 20, 1990.

Jerome W. Pinderski, Jr., of Pinderski & Pinderski, Ltd., of Palatine, for appellant.

Thomas D. Resnick, of Palatine, for appellee.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

This is an appeal from a judgment entered in favor of plaintiff and against defendant Leonard Dombrowski, d/b/a The Plumbing and Heating Co., in the amount of $2,744. Plaintiff entered into a written contract with defendant whereby he would be paid $16,000 for the installation of storm and sanitary sewers at Palwaukee Airport in Wheeling, Illinois. Plaintiff installed the storm sewer lines and was paid $7,000. Plaintiff was unable to install the sanitary sewers because defendant did not remove excess water from the excavation site. Prior to trial, the parties stipulated that a settlement sum of $3,000 would be paid to plaintiff by the other defendants named in the lawsuit. Following a bench trial, the trial court entered a written order on September 6, 1989, that: (1) judgment was entered in favor of plaintiff and against defendant in the amount of $2,744; (2) attorney fees and costs in an undetermined amount were awarded to plaintiff as requested in count II of the complaint against defendant; and (3) a hearing was scheduled for October 20, 1989, to consider plaintiff's petition for attorney fees and costs.

Plaintiff filed a petition for recovery of attorney fees and costs on October 20, 1989. Plaintiff also filed a motion to reconsider the amount of the judgment on November 30, 1989. The hearing on the petition for attorney fees was continued to November 30, 1989, when the trial court heard oral argument from the parties and took the questions under advisement. On February 14, 1990, the trial court denied plaintiff's petition for attorney fees and costs because plaintiff had not sustained a showing of reasonableness. Two days later, the trial court denied plaintiff's motion to reconsider the amount of the

judgment because it had not been timely filed since the court believed that the order of September 6, 1989, had been a final judgment. Plaintiff then filed a notice of appeal on February 27, 1990.

Plaintiff raises the following issues on appeal: (1) the trial court erred in refusing to award him attorney fees and costs and (2) the trial court erred in denying his post-trial motion to reconsider the amount of the judgment because its order of September 6, 1989, was not a final judgment.

Initially, we must consider whether or not plaintiff's notice of appeal was timely so that we would have jurisdiction to consider the merits of his appeal.

■ Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)) provides:

> "Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion."

Where the circuit court enters a final order or judgment, a party to the action has 30 days within which to file an appeal, and for purposes of Supreme Court Rule 303 an order is final if it " 'terminate[s] the litigation between the parties on the merits of the cause,' or 'disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof.' " (*Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 377, 481 N.E.2d 1004, 1008, quoting *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 48, 147 N.E.2d 371.) "If the order determines 'the ultimate rights of the parties with respect to distinct matters which have no bearing on other matters left for further consideration or if the matters left for future determination are merely incidental to the ultimate rights which have been adjudicated,' it must be considered final." (*Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 377, 481 N.E.2d 1004, 1008, quoting *Barnhart v. Barnhart* (1953), 415 Ill. 303, 309, 114 N.E.2d 378.) However, as long as any party's timely post-trial motion remains unresolved, the underlying judgment is not final and complete jurisdiction remains in the circuit court. *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004; *In re Marriage of Uphoff* (1983), 99 Ill. 2d 90, 457 N.E.2d 426.

■ The record shows that the order entered on September 6, 1989, did not dispose of the rights of the parties upon the entire con-

troversy. In fact, the trial court specifically left unsettled the amount of attorney fees and costs sought in count II of the complaint, and the court indicated that the matter was to be determined at a later time.

■■ We find that plaintiff's request for attorney fees is a "claim" as that term is used in Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Supreme Court Rule 304(a) states in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal."

The attorney fees claim meets all of the criteria set out in Rule 304(a). It is a matter involved in the action; it is a possible right of plaintiff and a possible liability for defendant. (*Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004; *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372.) Because the request for attorney fees and costs is a "claim" under Rule 304(a), it is not an issue incidental to the merits of the case. Therefore, the September 6, 1989, order was not a final judgment. The September 6, 1989, order did not state there was no just reason for delaying enforcement or appeal.

■■ Plaintiff's motion to reconsider the amount of the judgment therefore was timely and extended jurisdiction in the trial court until disposal of the motion. Since the 30-day period for filing a notice of appeal runs from the final judgment and the circuit court did not dispose of the last pending motion until February 16, 1990, plaintiff's notice of appeal which was filed on February 27, 1990, was timely since it was within the 30-day period required by Supreme Court Rule 303(a). We will now proceed to discuss the merits of the appeal.

Plaintiff argues that the trial court erred in refusing to award him attorney fees and costs. Plaintiff claims that: (1) his petition for recovery of attorney fees and costs was legally sufficient to support the relief sought; (2) he has satisfied the criteria needed to judge the reasonableness of his attorney fees and costs; and (3) a refusal to allow him attorney fees and costs violates public policy.

■■ In all cases where an award of attorney fees is appropriate, only those fees which are reasonable will be allowed, the determination of which is left to the sound discretion of the trial court. The party seeking the fees, whether for himself or on behalf of a client, always bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. An appropriate fee consists of reasonable charges for reasonable services;

however, to justify a fee, more must be presented than a mere compilation of hours multiplied by a fixed hourly rate or bills issued to the client. The petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor. It is incumbent upon petitioner to present detailed records maintained during the course of the litigation containing facts and computations upon which the charges are predicated. *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424.

■■■ Initially, we note that the existence of a contractual provision obligating one party to pay attorney fees does not relieve the other of its burden to establish the reasonableness of the amount requested. (See *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424.) Here, counsel's petition consisted of: (1) general background of his legal qualifications; (2) hourly rate charged to his client; (3) monthly computations of time expended on various matters on behalf of his client; and (4) schedule of costs. After carefully reviewing the record in light of the holding in *Kaiser v. MEPC American Properties, Inc.*, we affirm the trial court's denial of attorney fees and costs. As in *Kaiser*, plaintiff has failed to provide an adequate basis in his petition on which to predicate a fee award, and without more detailed information concerning the nature of the actual time expended in each of the legal tasks performed, the identity of who performed them, how they related to the litigation and whether they were necessarily required, it was impossible for the trial court to render a finding that they were reasonable and, therefore, compensable. (See *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424.) *Kaiser* held that it is impossible to determine exactly what amount of time was expended on each task when the time for all work performed by an attorney on a given day has been aggregated into a single hourly total for that day. The plaintiff in the present case therefore cannot be permitted to aggregate all the work performed within a given month into a single hourly total for that month. The decision of the trial court will not be reversed absent an abuse of discretion (*Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424; *Losurdo Brothers v. Arkin Distributing Co.* (1984), 125 Ill. App. 3d 267, 465 N.E.2d 139), and we hold that no abuse of discretion existed.

Finally, plaintiff argues that the trial court erred in its computation of damages awarded to plaintiff. Plaintiff argues that his costs ($1,244) should have been subtracted from the $6,000 owed to him and the $1,500 in consequential damages should have been added to

the remainder, thus entitling him to an award of $6,256.

■■ Although the trial court conducted a bench trial, the transcript of trial proceedings is not contained in the record on appeal. An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. (*Dell'Armi Builders, Inc. v. Johnston* (1988), 172 Ill. App. 3d 144, 526 N.E.2d 409.) Plaintiff has failed to supply the transcript here.

■■ ■ In the absence of such a record on appeal, and upon a claim of error, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (*Dell'Armi Builders, Inc. v. Johnston* (1988), 172 Ill. App. 3d 144, 526 N.E.2d 409; *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.) In the absence of a report of the proceedings, particularly when the judgment order states that the court was fully advised in the premises, a reviewing court will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record. (*Dell'Armi Builders, Inc. v. Johnston* (1988), 172 Ill. App. 3d 144, 526 N.E.2d 409.) The September 6, 1989, order states that the court was fully advised in the premises and that it had considered the evidence; therefore, we presume that the evidence heard by the trial court was sufficient to support its judgment. Accordingly, we cannot say that the trial court's decision regarding the computation of damages was improper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and FREEMAN, JJ., concur.