CHICAGO TITLE AND TRUST COMPANY, Trustee under Trust No. 89—044884, Plaintiff-Appellee, v. CHICAGO TITLE AND TRUST COMPANY, Trustee under Trust No. 1092636, *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—91—4012

Opinion filed June 30, 1993.

Rufus Cook and Barbara J. Revak, both of Chicago, for appellants.

Gomberg, Sharfman, Gold & Ostler, P.C., of Chicago (Raymond J. Ostler and Robert M. Gomberg, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

This appeal arises from a judgment entered by the circuit court which awarded attorney fees to the plaintiff in a mortgage foreclosure action brought against defendants. This judgment required defendants to pay attorney fees which were in excess of the amount of fees specified at the time the delinquency was paid and the loan was reinstated. On appeal, defendants claim that the court erred in (1) awarding additional attorney fees based upon the affidavits and time records submitted by the plaintiff's counsel, and (2) refusing to order a rebate of attorney fees as requested in defendants' motion for sanctions filed pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

The record reveals that on October 31, 1989, the plaintiff trustee brought an action to foreclose a mortgage held on certain commercial property located at 1331 South Michigan Avenue in Chicago, Illinois. The mortgage given was in the nature of a trust deed and secured the debt created by an installment note which was personally guaranteed by defendant Rufus Cook. The defendants named in the foreclosure complaint were Chicago Title & Trust Company, trustee under trust number 1092636; Rufus Cook, guarantor; Cook Partners Law Offices, Ltd. (Cook Partners), Cook Development Company (Cook Development), and Grand Kahn Electric, tenants; and unknown owners and nonrecord claimants. The complaint alleged that the payment of the installment note was delinquent in the amount of $9,802.62 and sought a foreclosure of the mortgage and judicial sale of the property. The complaint also requested appointment of a receiver after sale in the event of a deficiency, appointment of a receiver *pendente lite* and of a mortgagee in possession. The complaint further sought a judgment for all attorney fees and costs, based upon paragraph 4 of the trust deed, which specifically provided that the trustee was entitled to recover attorney fees and other expenses incurred in a suit to foreclose the lien.

On December 13, 1989, defendants Chicago Title, Cook Partners and Cook Development appeared and moved to dismiss the action pursuant to section 2—615 of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). Plaintiff filed a response to the defendants' motion to dismiss on January 24, 1990. On February 28, 1990, plaintiff moved for entry of a judgment of foreclosure and sale, an order of default, for summary judgment, and for a hearing on defendants' section 2—615 motion. On that date, the trial judge granted defendants' motion for a change of venue and the cause was assigned to the calendar heard by Judge Kenneth Gillis. Judge Gillis

set March 15, 1990, as the date for hearing defendants' section 2—615 motion to dismiss and for disposition of plaintiff's motions in the event that defendants' motion was denied.

On March 15, 1990, the court denied defendants' section 2—615 motion and allowed defendants 28 days to answer or otherwise plead. The order entered also reflected that plaintiff's motion for entry of a default order was withdrawn with respect to all of the defendants except Grand Kahn Electric, unknown owners, and nonrecord claimants.

On May 7, 1990, defendants filed a motion to dismiss pursuant to section 2—619 of the Code. But for the title of the document which specified the section of the Code relied upon, this motion was identical to the section 2—615 motion which had been denied on March 15, 1990.

On May 8, 1990, plaintiff filed a motion for an order of default which asserted that defendants Rufus Cook and Grand Kahn Electric had been served but had failed to appear or answer; defendants Chicago Title & Trust Company, Cook Partners, and Cook Development had appeared but had failed to file an answer; and the unknown owners and nonrecord claimants had been served by publication. On the same day that plaintiff's motion for default was filed, the defendants advised the court that the arrearage on the loan could be brought current in June 1990. Accordingly, the court entered an order setting a briefing schedule on defendants' section 2—619 motion to dismiss, and the cause was continued to June 11, 1990, for hearing on defendants' motion and for hearing on all matters if the motion was denied. The record indicates that this order was drafted by defendant Rufus Cook, who had filed an appearance as attorney for defendants Chicago Title & Trust Company, Cook Partners, and Cook Development. Plaintiff filed a response to defendants' section 2—619 motion to dismiss on May 14, 1990.

At the next scheduled court date on June 11, 1990, defendants advised the court that the arrearage on the loan would be paid by June 19, 1990, and the court continued the disposition of all pending motions until that date.

In a letter dated June 12, 1990, plaintiff's counsel informed defendants that his client had declined to accept a reinstatement of the loan and demanded that the balance due under the installment note be paid in full.

On June 19, 1990, the matter was called for hearing, but defense counsel did not appear because he had been detained while appearing before another judge on an unrelated cause. At that time, the trial judge entered a judgment of foreclosure and sale against the defend-

ants. This judgment provided that an order of default had been entered against those defendants who had failed to appear and that an order for summary judgment had been entered against those defendants who had failed to file answers to the complaint. Included in this judgment was a judgment for attorney fees in the amount of $1,950. Defense counsel did not arrive at the courtroom until after the judgment of foreclosure and sale had been entered.

Defendants Chicago Title & Trust Company, Rufus Cook, Cook Partners, and Cook Development filed a motion to vacate the judgment on July 17, 1990. This motion asserted that the judgment had been improperly entered and that defendants should be permitted to file an answer to the complaint. Plaintiff opposed the request to vacate the judgment, alleging that the defendants had filed a motion for a change of venue, a motion to quash service, a motion to dismiss pursuant to section 2—615, and a motion to dismiss pursuant to section 2—619, but had not filed any substantive pleadings since the action was commenced on October 31, 1989. But for the request for a change of venue, all of the motions filed by defendants had been denied.

In addition, plaintiff alleged that defendants had obtained continuances based upon the representations that the arrearage on the loan would be paid. Plaintiff alleged further that despite these representations and continuances, the loan remained delinquent after five court appearances, and plaintiff had received no offer from defendants to repay the debt. Plaintiff asserted that defendants sought only to delay the case and had no defense to the foreclosure action. Plaintiff further asserted that the court should consider that the lender was not a financial institution, but was an individual whose resources were being increasingly taxed by the failure of the defendants to make the payments due on the installment note. Plaintiff requested that the court exercise its discretion to deny the motion to vacate the judgment of foreclosure and sale, recognizing the defendants' right to redeem the property within the time limits imposed by statute.

Although a written order granting defendants' motion to vacate does not appear in the record on appeal, the judgment of foreclosure and sale was apparently vacated by the trial court.

On August 20, 1990, defendants Chicago Title & Trust Company, Rufus Cook, Cook Partners, and Cook Development filed an answer and affirmative defenses to the complaint for foreclosure.

On October 2, 1990, plaintiff filed a motion for summary judgment, contending that there was no dispute as to any material fact. Plaintiff's motion was supported by the affidavit of Lee Marx, agent

for plaintiff Chicago Title & Trust Company. Plaintiff also filed a petition for appointment as mortgagee in possession and moved to strike defendants' affirmative defenses. On this date, the court entered an order permitting defendants to respond to the motions filed by plaintiff, and the cause was continued for hearing on November 2, 1990.

On October 15, 1990, plaintiff provided defendants with a letter stating that the payment of $50,198.57 was necessary to reinstate the loan. This letter stated that, in addition to the amount required to cure the delinquency, defendants were obligated to reimburse plaintiff for $2,750 in attorney fees if the loan was to be reinstated.

On October 25, 1990, defendants filed responses to plaintiff's motion to strike affirmative defenses, motion for appointment as mortgagee in possession, and motion for summary judgment. Each of these responses was cursory and asserted grounds which had been previously raised and rejected by the trial court. Defendants' response to plaintiff's motion for summary judgment consisted of a single sentence, relied upon the defendants' answer and affirmative defenses, and was not supported by any affidavits. Plaintiff replied to each of the defendants' responses on October 30, 1990, asserting factual and legal arguments and providing case citations in support of its motions.

On November 2, 1990, defense counsel advised the court that the defendants expected to pay the amount of the delinquency on the installment note from funds which would be received from the sale of another parcel of property. The order entered by the court on this date granted plaintiff's motion to strike affirmative defenses and granted plaintiff leave to amend its complaint and motion for summary judgment to identify the holders of the installment note. The hearing on plaintiff's motion for summary judgment and on the request for appointment as mortgagee in possession was continued to November 20, 1990, at which time the parties were to offer evidence by affidavit or testimony. The filing of affidavits or other material was to be no later than November 14, 1990.

On November 14, 1990, plaintiff filed an amended complaint and an amended motion for summary judgment which were virtually identical to the prior documents but identified the holders of the installment note. Plaintiff also filed a request for additional attorney fees in the amount of $8,236.25. This request was supported by an affidavit of plaintiff's counsel and by certain time records. These time records consisted of four pages of handwritten notations and three pages of computer-printed notations.

On November 19, 1990, defendants presented an emergency motion requesting a continuance of the hearing scheduled for the fol-

lowing day. Defendants' motion was predicated upon the assertion that the title company which was closing the sale of the second parcel of property, from which the reinstatement proceeds were to come, required additional time to close that sale due to the intervening Thanksgiving holiday. The trial court granted defendants' motion, and the cause was continued to November 27, 1990. On November 21, 1990, plaintiff brought a motion to vacate the order of continuance, asserting that it had not received notice of defendants' emergency motion and that defense counsel had failed to provide plaintiff's attorney with a copy of the order granting the request for a continuance. On that date, the trial court denied plaintiff's motion to vacate the order on continuance.

On November 27, 1990, the parties informed the court that defendants had delivered to plaintiff a check for the amount required to reinstate the loan, including the $2,750 in attorney fees. On that date, plaintiff filed a revised affidavit in support of additional attorney fees. The additional fees sought in the revised affidavit totalled $5,693.75 and were supported by three pages of computer-printed time records.

On December 3, 1990, the parties reported to the court that defendants' check had cleared, and the court entered an order dismissing the foreclosure action pursuant to the reinstatement of the loan. The court retained jurisdiction of the cause to determine the amount of the additional attorney fees requested by plaintiff.

On December 7, 1990, defendants filed an objection to the request for additional attorney fees. Defendants also requested a refund of $1,697 from the fees paid when the loan was reinstated and sought sanctions under Supreme Court Rule 137 (134 Ill. 2d R. 137). On December 19, 1990, plaintiff filed a reply to defendants' objection to the request for additional attorney fees. Plaintiff also filed a response to defendants' motion for sanctions under Supreme Court Rule 137.

Due to the impending retirement of Judge Gillis from the bench, the cause was transferred to Judge Berman in December 1990. On January 8, 1991, defendants filed a reply in support of their motion for Rule 137 sanctions. The court denied defendants' request for sanctions on May 9, 1991.

On May 22, 1991, Judge Berman awarded plaintiff additional attorney fees in the amount of $4,822.50. Defendants filed a motion for reconsideration of the award of additional attorney fees and of the denial of Rule 137 sanctions, which was denied on August 13, 1991. Thereafter, plaintiff filed another request for additional attorney fees

which was subsequently withdrawn, and defendants brought the instant appeal.

We initially consider whether the trial judge erred in awarding additional attorney fees based upon the affidavits and time records submitted by plaintiff's counsel.

■■ Contract terms which provide for attorney fees are an exception to the general rule that the unsuccessful litigant in a civil action is not responsible for the payment of the opponent's fees. (*Abdul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 411-12, 462 N.E.2d 488; *Kaiser v. M E P C American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 983, 518 N.E.2d 424.) Only those fees which are reasonable will be allowed, and the party requesting fees bears the burden of presenting sufficient evidence from which the trial court can render a decision as to their reasonableness. *Harris Trust & Savings Bank v. American National Bank & Trust Co.* (1992), 230 Ill. App. 3d 591, 595, 594 N.E.2d 1308; *Mars v. Priester* (1990), 205 Ill. App. 3d 1060, 1064, 563 N.E.2d 977; *Kaiser*, 164 Ill. App. 3d at 983.

■■ A petition for fees must present the court with detailed records containing facts and computations upon which the charges are predicated and specifying the services provided, by whom they were performed, the time expended and the hourly rate charged. (*Harris Trust & Savings Bank*, 230 Ill. App. 3d at 595; *Kaiser*, 164 Ill. App. 3d at 984.) In assessing the reasonableness of fees, the trial court should consider a variety of factors, including the skill and standing of the attorneys employed, the nature of the case, the novelty and difficulty of the issues involved, the degree of responsibility required, the usual and customary charge for the same or similar services in the community, and whether there is a reasonable connection between the fees charged and the litigation. (*Harris Trust & Savings Bank*, 230 Ill. App. 3d at 595.) The determination as to what constitutes reasonable compensation is a matter peculiarly within the discretion of the trial court, and that determination will not be disturbed on review absent an abuse of discretion. *Harris Trust & Savings Bank*, 230 Ill. App. 3d at 595; *In re Estate of Healy* (1985), 137 Ill. App. 3d 406, 411, 484 N.E.2d 890.

■■ Applying these principles to the facts of the instant case, we hold that the trial court did not abuse its discretion in awarding additional attorney fees to the plaintiff.

The order entered by Judge Berman on May 22, 1991, specified that the award of $4,822.50 represented a reasonable fee for the work performed by plaintiff's counsel in this case. Although the defendants

have not provided a transcript of the hearing or of the trial judge's comments when the additional fees were awarded, it appears that the court carefully examined the affidavits and time records submitted by plaintiff's counsel and determined that an appropriate fee was $4,822.50, which was $871.25 less than the amount requested by plaintiff. Thus, the trial court did not merely accept and approve the request made by plaintiff, but made an independent assessment of the propriety of the fees charged for the work performed. The record does not include any testimony or affidavits which contradict the trial court's finding.

Defendants first assert that the fees requested were excessive in light of the relatively short duration of the foreclosure action and because the case did not involve difficult or complex issues. However, as noted above, the trial court specifically found that the additional fee award was proper and reasonable. The record does not include any contrary evidence as to what a reasonable fee would have been for the tasks involved, and the trial court made a finding of fact that fees awarded were reasonable for the work performed. The trial judge is permitted to use his own knowledge and experience to assess the time required to complete particular activities, and a court of review may not reverse an award of attorney fees merely because it may have reached a different conclusion. *In re Estate of Healy*, 137 Ill. App. 3d at 411.

Defendants next contend that the fees requested by plaintiff cannot be justified where the two affidavits filed by plaintiff's counsel included conflicting information and were not in accordance with the information contained in the reinstatement letter. Careful examination of these documents reveals, however, that the reinstatement letter reflects the fees charged for work performed from the filing of the suit to October 15, 1990, the date of the letter. The first affidavit and supporting time records include fees charged for work performed from the filing of the suit through November 1, 1990. The reinstatement letter and the first affidavit obviously include fees charged for overlapping time periods. The revised affidavit was apparently filed in an effort to clarify any confusion caused by the overlapping time periods reflected in the first two documents. Indeed, paragraph 3 of the revised affidavit specifically stated that this affidavit was submitted "to eliminate all fees for time periods *** no longer at issue." According to this paragraph, the revised affidavit applied only to attorney fees charged after the October 15, 1990, reinstatement letter. Thus, an assessment of the fees charged prior to October 15, 1990, could be made merely by examination of the October 15, 1990, reinstatement

letter and the time records appended to the first affidavit. The fees charged after October 15, 1990, were clearly and explicitly set forth in the revised affidavit and supporting time records. Consequently, the record does not support defendants' assertion that the affidavits and reinstatement letter are inconsistent or unintelligible. In addition, there is no indication in the record that the trial court was confused by the information contained in the documents filed by plaintiff.

Defendants also challenge the time records of plaintiff's attorney by claiming that the handwritten notations were illegible and unintelligible. Yet, when those records are examined with reference to the abbreviation legend listed at the left of the page, the notations are easily decipherable and reflect what appear to be appropriate amounts of time for legitimate tasks.

Defendants specifically challenge the charges for five hours spent in preparation of the motion to strike affirmative defenses, the motion for summary judgment, and the request for appointment as mortgagee in possession. Defendants also challenge the charges for 19 hours spent in preparation of the replies to defendants' responses to these motions. Defendants claim that these charges were unreasonable because plaintiff's counsel spent an excessive amount of time to accomplish a task that defendants assert was comparatively routine. It should be noted, however, that the replies filed by plaintiff included factual and legal arguments as well as case citations in support of the relief requested. These replies were filed only after defendants filed cursory and clearly insufficient responses to the motions brought by plaintiff. As previously indicated, defendants' response to plaintiff's motion for summary judgment consisted of a single sentence, relied only upon the answer and affirmative defenses, and was not supported by any affidavits. The trial court's determination as to an appropriate award of attorney fees must be considered in light of the principle that the trial judge is permitted to use his own knowledge and experience to assess the time required to complete particular activities, and a court of review may not reverse an award of attorney fees merely because it may have reached a different conclusion. (*In re Estate of Healy*, 137 Ill. App. 3d at 411.) Considering the record before us, we do not find that the trial court abused its discretion in awarding the fees requested for preparation of these documents.

Defendants also specifically challenge the fees charged for amendment of the complaint and motion for summary judgment and for the court appearance on plaintiff's request to vacate the continuance obtained by defendants upon their emergency motion. As previously stated, the trial judge determined that the charges submitted by

plaintiff's counsel were reasonable. Contrary to the assertions in defendants' brief, the written order entered on November 2, 1990, does not indicate that the trial court authorized these amendments to be made by interlineation, and there is no transcript or other support in the record for this assertion. In addition, the trial court was aware that plaintiff's motion to vacate the continuance obtained by defendants on November 19, 1990, was grounded on the allegation that defendants had failed to give plaintiff notice of the motion and that defense counsel failed to provide plaintiff's attorney with a copy of the order granting the emergency request for a continuance. The trial court was in a better position to determine the reasonableness of the fees specified in plaintiff's petition, and we will not make a *de novo* decision as to the appropriate award of attorney fees. See *Harris*, 230 Ill. App. 3d at 598-99; *In re Estate of Healy*, 137 Ill. App. 3d at 411.

We note that each of the arguments discussed above was raised in defendants' objection to the plaintiff's request for fees and was presumably considered by the trial court prior to the determination of the appropriate and reasonable fee to be awarded.

Moreover, contrary to the assertion of defense counsel at oral argument, the record on appeal does not include a transcript of the hearing on plaintiff's fee petition. The appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958; *Mars*, 205 Ill. App. 3d at 1066.) In the absence of such a record, a court of review must presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (*Foutch*, 99 Ill. 2d at 392; *Mars*, 205 Ill. App. 3d at 1066.) Thus, where the record does not include a report of the proceedings, where the judgment order states that the court found the additional fees to be reasonable, and where there is no indication to the contrary, it must be presumed that the evidence presented to the trial court supported the judgment. *Mars*, 205 Ill. App. 3d at 1066.

■ We next address defendants' claim that the court erred in refusing to order a refund of attorney fees as requested in their motion for sanctions filed pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), and we observe that defendants have not provided any citation to relevant authority in support of this claim. See 134 Ill. 2d R. 341(e)(7).

■ Defendants assert that the award of $2,750 for fees incurred prior to October 15, 1990, was improper because the time records appended to the first affidavit of plaintiff's attorney reflect that fees of only $2,275 had been charged and, therefore, the award should have been reduced by $475. This assertion was specifically raised in defendants' objection to the fee petition and was presumably considered by the trial court when the fees requested were reduced by $871.25.

Defendants also assert that the award was improper because on two occasions the time of an associate of plaintiff's counsel was billed at $150 per hour when it properly should have been billed at $125 per hour. On page 5 of its reply to defendants' objection to the fee petition, plaintiff conceded this mistake before the trial court and acknowledged that the award should have been reduced by $46.25. It must be assumed that the trial judge considered this information in determining the proper fee to be awarded.

■ Defendants also challenge the fees charged for opposition to their motion to vacate the judgment of foreclosure and sale. The basis of this challenge is defendants' contention that they should not be required to pay fees for plaintiff's opposition to the motion to vacate where the judgment was entered improperly and in violation of Supreme Court Rule 181 (134 Ill. 2d R. 181). As previously noted, the written order vacating the judgment is not contained in the record on appeal, nor is there a transcript of the hearing or of the trial judge's comments. Consequently, the record does not support defendants' claim that the court found a violation of Supreme Court Rule 181.

■ Finally, defendants sought a judgment in the amount of $950 for the fees incurred to vacate the judgment of foreclosure and sale. This request was made in the defendants' objection to the plaintiff's fee petition with the supporting information contained in a footnote appearing at page 8. Because the request was not presented by petition and was not supported by any affidavits or time records, we cannot say that the trial court abused its discretion in denying the request. *Harris Trust & Savings Bank*, 230 Ill. App. 3d at 595; *Kaiser*, 164 Ill. App. 3d at 983.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.