2022 IL App (1st) 192270-U

No. 1-19-2270

September 16, 2022

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| FIRST BANK OF HIGHLAND PARK, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT A. HEIMAN, ANDREA L. HEIMAN, | ) | No. 17-CH-05703 |
| THE UNITED STATES OF AMERICA, | ) | |
| HARRIS, N.A., ELIAH KAHN, | ) | |
| UNKNOWN OWNERS, and | ) | |
| NON-RECORD CLAIMANTS. | ) | Honorable |
| | ) | Judge John J. Curry Jr. |
| Defendants | ) | Judge Presiding. |
| | ) | |
| (Scott A. Heiman and Andrea L. Heiman, | ) | |
| Defendants-Appellants). | ) | |

_____

JUSTICE WALKER delivered the judgment of the court.
Justice Hyman and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1   Held:   The circuit court correctly denied defendants' motion for leave to file a counterclaim because the limitations period for the counterclaim expired before the plaintiff's cause of action arose. Where defendants did not file a Rule 191 affidavit in support of their request for a deposition of one of plaintiff's employees, the circuit court did not abuse its discretion by denying the request.

¶ 2    Plaintiff-Appellee First Bank of Highland Park sued to foreclose its mortgage on the home of defendants-appellants Scott and Andrea Heiman. The circuit court granted First Bank's motion for summary judgment and later approved the sale of the home. On appeal from the circuit court's denial of their motion to vacate the sale, the Heimans argue the circuit court (1) should have permitted them to file a counterclaim; (2) should have permitted them to take the deposition of one of First Bank's officers; (3) should have ignored the documents First Bank presented in support of its motion for summary judgment; (4) should have vacated the sale because of insufficient notice of the motion to approve the sale; and (5) awarded too much for attorney fees. We affirm the circuit court's judgment.

¶ 3                                BACKGROUND

¶ 4    In 2002, the Heimans gave First Bank a mortgage on their home in exchange for a loan and a revolving line of credit. In 2011, the Heimans signed a promissory note made out to First Bank in exchange for a loan of $2,040,000. The Heimans and First Bank signed a "Work-Out and Forbearance Agreement," dated December 2016, in which the Heimans agreed to list their home for sale and repay the entire loan by March 2017. In exchange, First Bank agreed not to file for foreclosure before March 2017.  In April 2017, First Bank filed a complaint for foreclosure on the mortgage, alleging that the Heimans had not complied with the work-out agreement and still owed more than $1.7 million on the loan.

¶ 5    The Heimans sought leave to file a counterclaim alleging that, in 2004, First Bank agreed to loan Scott $4.7 million so that Scott could purchase a commercial property. The Heimans were alleging that First Bank's failure to make the agreed loan, caused Scott to lose profits anticipated

from the proposed purchase. The Heimans deposed a bank officer who stated in an affidavit that bank records showed the Heimans still owed the bank $1,885,820 plus interest of $247.66 per day.

¶ 6    The circuit court found the statute of limitations barred Scott's counterclaim and granted First Bank's motion for summary judgment on the complaint.

¶ 7    First Bank then filed the supplemental affidavit of Anne O'Connor, a senior vice president of First Bank, who stated she reviewed bank documents and found the Heimans' debts had increased to more than $2,000,000. In addition, to increases in interest and late fees listed in the prior affidavit, she added charges for insurance, appraisal fees, and real estate taxes. The Heimans filed a request for leave to take O'Connor's deposition and a motion to stay the sale. The circuit court denied both motions.

¶ 8    On June 14, 2019, First Bank filed a motion for an order approving the sale.  In the notice of motion, First Bank's attorney stated: "on July 2, 2019 at 2:00 p.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Darryl B. Simko or any judge sitting in his stead, in the courtroom usually occupied by him, Courtroom 2806." The attorney certified that he mailed a copy of the motion to the Heimans' attorney on June 14, 2019.  Although the circuit court had initially assigned the case to Judge Simko, the court had reassigned the case to Judge Curry, on the Heimans' motion for substitution of judge, long before First Bank filed its motion to approve the sale.

¶ 9    The circuit court approved the sale of the home to First Bank for $1.7 million.  The circuit court also entered a judgment against the Heimans for $447,700.94, which included the amount remaining due on the loan and $30,104.50 in attorney fees. The Heimans filed a motion to vacate the sale, arguing that First Bank did not send the required notice for the motion to approve the sale. The circuit court denied the motion to vacate. The Heimans now appeal.

¶ 10                                  ANALYSIS

¶ 11     On appeal, the Heimans contend the circuit court committed five errors: the court should have (1) allowed the Heimans to file their counterclaim; (2) granted the Heimans' request for a deposition of O'Connor; (3) disregarded the exhibits attached to O'Connor's affidavit; (4) vacated the sale because First Bank did not show valid notice; and (5) awarded a smaller amount for attorney fees.  Different standards of review govern the differing arguments.

¶ 12                                 Counterclaim

¶ 13     The circuit court denied the Heimans' motion for leave to file a counterclaim because the court found the statute of limitations barred their claim. We review the ruling *de novo*. *Barragan v. Casco Design Corp*., 216 Ill. 2d 435, 440 (2005). The Code of Civil Procedure provides:

> "A defendant may plead a set-off or counterclaim barred by the statute of limitation,
> while held and owned by him or her, to any action, the cause of which was owned
> by the plaintiff or person under whom he or she claims, before such set-off or
> counterclaim was so barred, and not otherwise." 735 ILCS 5/13-207 (West 2018).

¶ 14     In the proposed counterclaim, the Heimans allege First Bank breached a contract with Scott in 2004 when First Bank reneged on its promise to lend Scott $4.7 million. The limitations period for the contract claim expired in 2014, ten years after the alleged breach.  See 735 ILCS 5/13-206 (West 2012).

¶ 15     The Heimans argue that by 2014 they had already missed payments on their 2011 promissory note, so First Bank had a cause of action against them for foreclosure before 2014. However, First Bank did not sue for foreclosure based on the 2011 note. First Bank contended instead that the Heimans breached the 2016 work-out agreement when they failed to repay the loan by March 2017. The cause of action for breach of the work-out agreement did not arise until March

2017, several years after the limitations period expired for the proposed counterclaim. The circuit court correctly denied the motion for leave to file the counterclaim. See *Beneficial Illinois, Inc. v. Parker*, 2016 IL App (1st) 160186, ¶¶ 19-20.

¶ 16                                    Discovery

¶ 17    The Heimans contend the circuit court should have granted them leave to take O'Connor's deposition before considering First Bank's motion to approve the sale. We will not disturb the circuit court's ruling on the discovery motion unless the circuit court abused its discretion. *Ragan v. Columbia Mutual Insurance Co.,* 183 Ill. 2d 342, 352, 701 N.E.2d 493 (1998).

¶ 18    Supreme Court Rule 191(b) establishes the procedure for obtaining depositions needed for responding to motions for summary judgment:

> "If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, *** granting a continuance to permit *** the depositions of any of the persons so named." Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013).

¶ 19    "Parties who fail to file Rule 191(b) affidavits cannot complain that the discovery process was insufficient or limited." (Internal quotation marks omitted) *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 48.  The Heimans filed no Rule 191(b) affidavit. Hence, the circuit court did not abuse its discretion by denying the Heimans' request for leave to take O'Connor's deposition.

¶ 20                              Supporting Documents

¶ 21 The Heimans contend the court should have stricken the documents appended to O'Connor's affidavit in support of her calculation of the amount due. Those documents include the mortgage, the 2011 note, the work-out agreement, and First Bank's record of the Heimans' payment history for the note. O'Connor in her affidavit stated:

> "I am familiar with the day-to-day business operations of FBHP [First Bank] as well as the documents maintained in FBHP's ordinary course of business which relate to the loan transaction between FBHP and Scott A. Heiman and Andrea L. Heiman ***.
>
> *** The above amounts due and owing to FBHP are based upon my personal review and reliance upon the following records, which are maintained in the normal and ordinary course of FBHP's business: the Loan Payoff Letter *** and the Loan Payment History."

¶ 22 According to O'Connor, First Bank recorded the mortgage payments near the time the bank received the payments. We find the affidavit sufficient to support the circuit court's award. See *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶¶ 26-30.

¶ 23                                    Notice

¶ 24 The Heimans argue that three errors invalidate the notice of motion for approval of the sale: (1) their attorney never received the notice; (2) First Bank sent the notice by mail, not by email; and (3) the notice identified the wrong judge and the wrong courtroom. We review the circuit court's ruling on a motion to vacate a sale for abuse of discretion. *Deutsche Bank National v. Burtley*, 371 Ill. App. 3d 1, 5 (2006). The circuit court abuses its discretion when its ruling rests on an error of law. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18, 993 N.E.2d 563.

¶ 25 "Service of a document by mail is not invalid merely because the party to be served denies receiving it." *Ingrassia v. Ingrassia*, 156 Ill. App. 3d 483, 501, 509 N.E.2d 729 (1987). The certificate of First Bank's attorney attesting to posting the notice suffices to prove notice by mail. See *Crum v. Gulf Oil Corp.*, 12 Ill. App. 3d 988, 990, 299 N.E.2d 820 (1973).

¶ 26 Supreme Court Rule 11 Provides:

"(b) E-mail Address. An attorney must include on the appearance and on all pleadings filed in court an e-mail address to which documents and notices will be served ***.

(c) Method. Unless otherwise specified by rule or order of court, documents shall be served electronically." Ill. S. Ct. R. 11 (eff. July 1, 2021).

¶ 27 The attorney for the Heimans complains that First Bank did not email him notice of the motion to approve the sale. However, the attorney for the Heimans violated Rule 11(b) by failing to include his email address on the Heimans' pleadings filed in court. We find notice by mail sufficient for an attorney who failed to include his email address on the pleadings.

¶ 28 The Heimans argue that the misidentification of the judge and courtroom invalidates the notice, but the Heimans knew Judge Simko no longer presided over the case. They also knew that the court had reassigned the case to Judge Curry and how to find Judge Curry's courtroom. First Bank's notice appears to substantially comply with the notice requirement as it adequately informed the Heimans and their attorney of the nature of the motion and the time for the hearing. See *Vole, Inc. v. Georgacopoulos*, 181 Ill. App. 3d 1012, 1019 (1989); *Prairie Vista, Inc. v. Central Illinois Light Co.*, 37 Ill. App. 3d 909, 912, 346 N.E.2d 72 (1976). Moreover, the Heimans cite no statute, rule, or case law for their argument concerning the misidentifications. This court "is not merely a repository into which an appellant may dump the burden of argument and research."

(Internal quotation marks omitted) *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459, 920 N.E.2d 515 (2009). The Heimans have not shown the errors in the notice that require reversal.

¶ 29                                     Attorney Fees

¶ 30    Finally, the Heimans argue the circuit court awarded excessive attorney fees. We review the award of fees for abuse of discretion. *3432 West Henderson Building, LLC v. Gizynski*, 2017 IL App (1st) 160588, ¶ 40, 81 N.E.3d 94. The Heimans complain the fee petition clumps too many tasks under single entries. They show one example of a single entry for which the attorney billed 2.8 hours:

> "Review of email from Ken Kreisel regarding status; preparation of response to same; preparation of all documents for initial case management conference per local administrative Orders; electronic filing of same with Clerk of the Circuit Court of Cook County; preparation of letter to Judge transmitting courtesy copies of same."

¶ 31    Judge Curry made all substantial rulings in this case. "The trial court's determination as to an appropriate award of attorney fees must be considered in light of the principle that the trial judge is permitted to use his own knowledge and experience to assess the time required to complete particular activities, and a court of review may not reverse an award of attorney fees merely because it may have reached a different conclusion." *Chicago Title & Trust Co v. Chicago Title & Trust Co.*, 248 Ill. App. 3d 1065, 1074, 618 N.E.2d 949 (1993). We find no abuse of discretion by awarding First Bank $30,104.50 in attorney fees in this case.

¶ 32                                     CONCLUSION

¶ 33    The circuit court correctly denied the Heimans' motion for leave to file a counterclaim, as the statute of limitations for the counterclaim expired before First Bank's cause of action arose.

The Heimans' failure to file a Rule 191(b) affidavit in support of their motion for a deposition of O'Connor justified the court's denial of the motion. O'Connor presented an adequate foundation for the documents appended to her affidavit. The Heimans have not shown a lack of adequate notice for the motion to approve the sale of their home. They also have not shown an abuse of discretion in the award of attorney fees. Accordingly, we affirm the circuit court's judgment.

¶ 34    Affirmed