BERNARD ALLEN FRIED *et al.*, Plaintiffs and Intervening Defendants, v. HENRY BARAD, Defendant and Intervening Defendant-Appellant (Rudy Martinez, Intervening Plaintiff-Appellee).

First District (2nd Division)   No. 1—87—3762

Opinion filed August 29, 1989.

Joseph L. Goldberg, of Chicago, for appellant.

Martin B. Zells, of Chicago, for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Intervening defendant-appellant, Henry Barad, appeals the circuit court's assessment against him of attorney fees. The issues in this appeal relate to the adequacy of the petition for fees and the adequacy of the hearing granting them.

A partition suit seeking partnership dissolution and accounting was brought by Bernard Allen Fried and Howard Weitzman, who are not parties to this appeal, against Barad. Fried, Weitzman and Barad had been partners and co-title holders of certain real estate. Rudy Martinez entered that suit as intervening plaintiff against all three of the partners who were named as intervening defendants. Martinez, the lessee of the real estate which was the subject matter of the underlying suit, sought specific performance upon a purchase option contained in the lease which had been entered into on March 28, 1983.

Barad, who had purchased the property at the sheriff's sale of

partnership assets pursuant to the partition suit, refused to transfer the property to Martinez when Martinez exercised his purchase option under the lease agreement on June 19, 1985. Barad's verified answer to Martinez's complaint for specific performance denied the existence of the lease and option and alleged that Martinez's lease was invalid because it was not executed by the owner or titleholder or anyone with authority to act. At the hearing, Barad testified that he never agreed to the lease and option with Martinez. On November 21, 1986, after the hearing, the circuit court determined that Martinez had a valid option. The court found that Barad's testimony was "totally incredible, unbelievable, and an outright lie" and that Barad had in fact personally signed the lease which contained the option agreement. Barad was ordered to convey the property to Martinez in accordance with the terms of the option.

A notice of appeal of that order was filed by Barad on December 6, 1986. This court ultimately affirmed the judgment of the circuit court in *Fried v. Barad* (1988), 175 Ill. App. 3d 382, 530 N.E.2d 93. Within 30 days of the judgment, on December 19, 1986, Martinez filed a petition pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611), for expenses and reasonable attorney fees caused by Barad's false pleadings and testimony. After the denial of the original petition and pursuant to the court's leave to refile, an amended petition was filed which included time summaries and affidavits from Martinez's attorney limited to time spent attempting to prove that Barad had agreed to the lease, and not including time allocated to the specific performance argument. Barad answered the petition on September 9, 1987. The hearing on the amended petition was held on September 29, 1987.

At the hearing, utilizing testimony from the prior trial, Martinez's attorney established that Barad falsely pleaded and falsely testified before the circuit court with no reasonable cause. Barad's attorney did not deny the falsity of the pleadings, but averred that the false testimony was reasonably caused by Barad's advanced age. Barad's attorney was afforded an opportunity to cross-examine Martinez's attorney concerning the truth and reasonableness of the time statements. After arguments by both attorneys, the court, which had heard this matter since the underlying proceeding was initiated, reduced the number of hours and the hourly rate computed by Martinez's attorney. The requested amount of $15,012.50 was reduced to an award of $8,500. The court found this to be a classic case where section 2—611 sanctions should apply. It is from this order that Barad appeals.

Barad initially argued that the circuit court had no jurisdiction to award fees after the filing of the notice of appeal and pending the outcome of the appeal. At oral argument, Barad waived this argument. We are therefore left to decide the issues of the adequacy of the petition for attorney fees filed by Martinez and the adequacy of the hearing for those fees.

## I

Barad contends that the petition for fees and costs did not provide adequate information for the circuit court to render its judgment. Barad argues that the time summary which is part of the petition for attorney fees and which sets forth Martinez's attorney's time, contained no detailed information concerning the nature and actual time expended, the identity of who performed the service, the relation to the untrue pleadings, and whether they were required services.

After an examination of the record and the applicable law, we are not persuaded by Barad's arguments. Section 2—611 of the Illinois Code of Civil Procedure, which provides for attorney fees and costs to be paid by the party opponent, in pertinent part, states:

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

Although section 2—611 is penal in nature and must be strictly construed according to its terms (*Mancuso v. Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945, *appeal denied* (1984), 101 Ill. 2d 581), whether to award such fees and expenses, as well as the amount assessed, lies within the sound discretion of the trial court. (*McCormick v. Louis Joliet Bank & Trust Co.* (1983), 114 Ill. App. 3d 205, 448 N.E.2d 905, *appeal denied* (1983), 96 Ill. 2d 541.) Absent clear abuse of discretion by the trial court, an award of attorney fees pursuant to section 2—611 will not be disturbed. *Whirlpool Corp. v. Bank of Naperville* (1981), 97 Ill. App. 3d 139, 421 N.E.2d 1078; *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 370 N.E.2d 119.

As authority that the court improperly granted fees in this case, Barad cites *In re Estate of Palm* (1978), 11 Ill. App. 3d 24, 295 N.E.2d 580, and *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 424. Both cases are distinguishable

from the instant case. In *In re Estate of Palm* the court held that a hearing was required to determine the sufficiency of the section 41 (the predecessor of section 2—611) claim. That case is authority for the proposition that the petition and time summary alone were inadequate to justify the award of fees without a hearing. (*In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 29, 295 N.E.2d 580.) In the instant case, a hearing, during which there was full opportunity for cross-examination, was held.

In *Kaiser v. MEPC American Properties, Inc.* (1987), 164 Ill. App. 3d 978, 518 N.E.2d 434, a case founded upon a contractual agreement for costs and attorney fees due to litigation, the court denied some of the attorney fees because of the vagueness of the petition. In that case, where no hearing was held, the time summary and client billing was provided to the court without dates, without the subject matter of the work, and without identifying the attorney who performed the work. (*Kaiser v. MEPC*, 164 Ill. App. 3d at 985.) In the case at bar, where a hearing with full cross-examination occurred, the petition differed substantially from that in *Kaiser*.

In the instant case, the petition alleged that Barad failed to state the truth in his answer which included the affirmative defense and in his trial court testimony. The time summary submitted by Martinez stated only one attorney's time and rate, and gave specifics as to each entry. The hours and minutes spent on each task were indicated alongside of each entry. Moreover, at the section 2—611 hearing, during cross-examination by Barad's attorney, the attorney for Martinez clarified and supported the time as being only his and stated how, when, and why the costs were due to Barad's false pleadings and testimony, the cornerstone of the entire lawsuit.

The requirements of section 2—611 petition were explained by this court in a case analogous to this one, *Embassy/Main Auto Leasing Co. v. C.A.R. Leasing, Inc.* (1987), 155 Ill. App. 3d 427, 508 N.E.2d 331, *appeal denied* (1987), 116 Ill. 2d 553, 515 N.E.2d 106. That case involved an appeal by a defendant who argued that the circuit court's award of section 2—611 fees and expenses was inappropriate because the plaintiff had failed to prove that the fees were actually incurred by reason of the untrue pleading and that the method the plaintiff used to arrive at the amounts was arbitrary and capricious. The court disagreed and found the defendant's testimony to be false with no reasonable explanation. (*Embassy/Main v. C.A.R. Leasing*, 155 Ill. App. 3d at 434.) There, as here, the defendant complained that the time records of the plaintiff were too vague. The court acknowledged that the plaintiff's attorney submitted generalized

time summaries, but recognized that most attorneys do not keep separate time sheets detailing which hours spent were directly caused by untrue pleadings and determined that it would be ludicrous to expect them to do so. (*Embassy/Main v. C.A.R. Leasing*, 155 Ill. App. 3d at 435, citing *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 466 N.E.2d 945, *appeal denied* (1984), 101 Ill. 2d 581.) The court held that the defendant did not clearly show that the circuit court abused its discretion in awarding plaintiff's fees. *Embassy/Main v. C.A.R. Leasing*, 155 Ill. App. 3d at 435.

We conclude that the petition and time summaries submitted by Martinez were adequately specific. The circuit court did not abuse its discretion when, based upon the petition and the testimony it heard, it awarded attorney fees.

## II

Barad argues that the section 2—611 hearing conducted by the circuit court consisted entirely of colloquy between the court and counsel and was an inadequate basis for the award of attorney fees. On the other hand, Martinez asserts that a full and complete hearing was held, which allowed for testimony and cross-examination. He contends that the opportunity for each party to cross-examine the other concerning the petition and time summaries was sufficient for a section 2—611 hearing.

■ To invoke section 2—611 sanctions, a hearing is necessary to determine whether an untrue statement was made without reasonable cause. (*Great Western Sugar Co. v. White Stokes Co.* (7th Cir. 1984), 736 F.2d 428; *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 431 N.E.2d 1364.) The person asking for fees and costs has the burden of proof. (*Thorsen v. City of Chicago* (1979), 74 Ill. App. 3d 98, 392 N.E.2d 716.) However, if proof can be made on the basis of pleadings or trial evidence, an additional hearing is not required. *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273.

In *Voss v. Lakefront Realty Corp.* (1977), 48 Ill. App. 3d 56, 365 N.E.2d 347, the court determined that a complete hearing concerning the defendant's motion for taxation of costs and attorney fees is unnecessary when it would virtually involve a retrial of all the basic issues already tried. In this case, as in *Voss*, it was unnecessary to retry the issue of false testimony, which had already been determined in the underlying lawsuit.

■ In the instant case, Martinez utilized the prior court testimony of Barad and the findings of the court as evidence in support of his

petition. The circuit court determined, after presiding over every aspect of the litigation, including the trial, that Barad had pleaded and testified falsely. These false statements related directly to the essence of Martinez's suit. If, as Barad falsely contended, a lease had not been properly executed, specific performance could not be granted. The circuit court properly chose to accept pleadings, testimony, and findings from the underlying suit as proof of the falseness, instead of retrying the entire issue. *Voss v. Lakefront*, 48 Ill. App. 3d 56, 365 N.E.2d 347.

■ At the section 2—611 hearing, Barad urged that his false statements were reasonably made due to his age. He contends that he did not lie; he merely forgot that he had signed the lease and had agreed to an option to purchase with Martinez. We have reviewed the record and find adequate basis for the circuit court's findings that Barad's testimony was untrue and made without reasonable cause.

■ Once the court finds pleadings or statements were false and made without reasonable cause, it must determine the reasonableness of the fees incurred. An evidentiary hearing on the reasonableness of fees is required because the issue of reasonableness is a matter of proof which should be subject to cross-examination. (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 512 N.E.2d 85.) An opportunity to cross-examine the opponent is essential to a fair hearing. *Logue v. Marsh* (1977), 50 Ill. App. 3d 493, 365 N.E.2d 1159.

■ In this case, Barad was afforded ample opportunity to cross-examine concerning the reasonableness of the fees. Based upon the facts elicited at the hearing, the court reduced the number of hours Martinez's attorney indicated he spent as a result of Barad's false testimony and reduced the hourly rate charged. The reduction of the amount requested by almost half demonstrates that the court considered matters developed during the hearing and properly exercised its discretion.

We find the circuit court held a proper hearing (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 512 N.E.2d 85; *Logue v. Marsh* (1977), 50 Ill. App. 3d 493, 365 N.E.2d 1159) and did not abuse its discretion. Absent a clear showing of abuse of discretion (*In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 494 N.E.2d 536), this court will not disturb the circuit court's award of fees.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BILANDIC, P.J., and HARTMAN, J., concur.