FOURTH DIVISION
 FILED: 9/19/96












No. 1-94-0467

CENTURY ROAD BUILDERS, INC., an ) APPEAL FROM THE
Illinois corporation, ) CIRCUIT COURT OF 
 ) COOK COUNTY
 Plaintiff-Appellant, ) 
 )
 v. )
 )
CITY OF PALOS HEIGHTS, ILLINOIS, a )
municipal corporation; FIRST NATIONAL )
BANK OF EVERGREEN PARK, as Trustee )
under Trust No. 3068; HERITAGE TRUST )
CO., as Trustee under Trust No. )
89-3766; and Unknown Owners, )
 )
 Defendants, )
 )
 and )
 )
HERITAGE STANDARD BANK, as Trustee )
under Trust No. 7067; HERITAGE COUNTY )
BANK & TRUST CO., as Trustee under )
Trust No. 2944; and STATE BANK OF )
COUNTRYSIDE, as Trustee under Trust No. )
87-322, )
 )
 Defendants-Appellees, )
 )
(STEINBERG, BURTKER & GROSSMAN, LTD., a )
professional corporation, ) HONORABLE
 ) NORMAN SANDS,
 Appellant). ) JUDGE PRESIDING.


 PRESIDING JUSTICE HOFFMAN delivered the opinion of the
court:
 The plaintiff, Century Road Builders, Inc. (Century) and its
attorneys, Steinberg, Burtker & Grossman, Ltd. (Steinberg),
appeal from an order of the circuit court which, as amended,
awarded $6,000 in Supreme Court Rule 137 (134 Ill. 2d R. 137)
sanctions against them and entered judgment on the award. 
Century and Steinberg contend that the trial court erred in
failing to conduct an evidentiary hearing on the allegations
contained in the defendants' petitions for sanctions, and further
erred in finding that Century prosecuted this cause "without
either a legal or factual foundation and with an intent to
harass" the defendants. For the reasons which follow, we vacate
the judgment entered against Century and Steinberg, and remand
this case to the circuit court for further proceedings consistent
with the opinions expressed herein.
 Century filed the instant action in the circuit court of
Cook County seeking recovery as a consequence of certain
construction work that it performed pursuant to a contract with
the City of Palos Heights (Palos). Century alleged that Palos
entered into the contract with "the knowledge, acquiescence and
approval" of the other defendants (defendant owners). Century's
original and amended complaints sought the foreclosure of
mechanic's liens, damages for breach of contract, and recovery on
a quantum meruit theory. The defendants filed a variety of
motions attacking both Century's original and amended complaints. 
Additionally, a number of the defendant owners filed motions
seeking sanctions against Century and Steinberg pursuant to Rule
137.

 On November 12, 1992, the trial court entered an order
granting all defendants leave to file motions or amended motions
for sanctions, and continued the matter to December 1, 1992, for
a status report. On December 1, 1992, four sanction motions
filed by defendant owners and Century's response to those motions
were continued to December 22, 1992. The order of December 22,
1992, states that the court heard "oral argument" on the motions. 
Additionally, that same order required that "all relevant
pleadings, documents and billing statements" be filed with the
court on or before January 29, 1993; stated that the motions for
sanctions were taken under advisement; and set the matter for
status on March 10, 1993. On March 10, 1993, the court continued
the matter to May 18, 1993, "for hearing on the defendants'
petitions for attorneys (sic) fees only[,] *** a hearing on the
motions for sanctions having previously been conducted", and
required that Century be provided with copies of the defendants'
fee petitions and billing sheets supporting the motions. 
 The next order appearing in the record which specifically
references the sanction motions is the court's memorandum order
of January 24, 1994. In that order, the court made a number of
findings, most notably that Century and Richard J. Grossman of
the Steinberg firm filed the instant action for the improper
purpose of inducing the defendant owners to bring pressure upon
Palos to pay Century's claim. The court further found that
Century's complaints were factually unfounded in that: 1) they
alleged that the State Bank of Countryside, as Trustee under
Trust No. 87-322 (Countryside), was the owner of one of the
subject parcels of land when, in fact, Countryside had no
interest in the parcel when Century entered into its contract
with Palos; 2) no evidence existed to support the allegation that
Palos had an agency relationship with any of the defendant owners
when it contracted with Century; and 3) Century did not perform
any labor or supply any materials for the benefit of the property
owned by the defendant owners, but rather, constructed
improvements exclusively upon a public street owned by Palos. 
The court also found that Century's complaints were legally
unsound, as its notices of lien were served after the expiration
of the 90-day period provided in section 24 of the Mechanic's
Lien Act (Act) (770 ILCS 60/24 (West 1990)), and because Century
pursued alleged lien rights against private property owners
instead of following the requirements of section 23 of the Act
(770 ILCS 60/23 (West 1990)) which governs liens for work upon
public property. Based upon its findings, the court concluded
that "Century named the alleged defendant owners as defendants in
this case without either a legal or factual foundation and with
the intent to harass both the alleged defendant owners and the
City of Palos Heights" and, as a consequence, the defendant
owners should be awarded attorney fees. The memorandum order
states that, "[s]ubsequent to making a thorough analysis of the
schedules of the alleged defendant owners' attorneys' fees", the
court found $2,000 to be a reasonable assessment for attorney
fees incurred by each of the defendant owners. Based upon the
findings and conclusions set forth in its memorandum order, the
court granted the sanction motions filed by Heritage Standard
Bank, as trustee under trust No. 7067; Heritage County Bank &
Trust Co, as trustee under trust No. 2944; Heritage Trust Co., as
trustee under trust No. 89-3766 (Heritage Trust); and
Countryside, and entered judgment in the total sum of $8,000
against Century, Richard J. Grossman, and Steinberg. Thereafter,
on February 24, 1994, the court modified its memorandum order by
vacating the $2,000 judgment in favor of Heritage Trust and
reducing the total judgment to $6,000.
 Supreme Court Rule 137 authorizes the imposition of
sanctions against a party or its attorney for filing any pleading
which is not well-grounded in fact, not warranted by existing
law, or which has been interposed for any improper purpose,
including harassment. 134 Ill. 2d R. 137. Rule 137 is penal in
nature and must be strictly construed. Yassin v. Certified
Grocers of Illinois, Inc., 133 Ill. 2d 458, 551 N.E.2d 1319
(1990). 
 A party seeking the imposition of Rule 137 sanctions against
an opponent is the burdened party. Yassin, 133 Ill. 2d at 467; 
Diamond Mortgage Corp. v. Armstrong, 176 Ill. App. 3d 64, 530
N.E.2d 1041 (1988). As this court held in Fried v. Barad, 187
Ill. App. 3d 1024, 543 N.E.2d 1018 (1989), a hearing is necessary
in order for a trial court to determine if any untrue statement
within a pleading was made without reasonable cause, unless the
court's determination of the issue can be made on the basis of
the pleadings or trial evidence. See also In re Estate of Smith,
201 Ill. App. 3d 1005, 559 N.E.2d 571 (1990); Beno v. McNew, 186
Ill. App. 3d 359, 542 N.E.2d 533 (1989). An evidentiary hearing
should always be held when a sanction award is based upon a
pleading filed for an improper purpose, rather than one which is
merely unreasonable based on an objective standard. See Brown v.
National Board of Medical Examiners, 800 F.2d 168 (7th Cir.
1986); Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194 (7th
Cir. 1985). In any case, once a trial court finds that a
pleading is sanctionable, an evidentiary hearing on the
reasonableness of any fees to be awarded is required because the
issue of reasonableness is a matter of proof which should be
subject to cross-examination. Fried, 187 Ill. App. 3d at 1030.
 The record before us reflects that no evidentiary hearings
were held in this case on the merits of the defendants' motions
for sanctions or on the reasonableness of the fees awarded. Yet,
the court found not only that the complaints filed by Century
were not well-grounded in fact, but also that they were filed for
an improper purpose. To be sure, several of the defendants
supported their petitions with affidavits attesting to the
improper purpose which motivated the joinder of the owner
defendants as parties to this case, but it is also true that
Century supported its response with the affidavit of Richard J.
Grossman denying any such purpose. 
 The determination of whether to grant a motion for sanctions
is a matter committed to the sound discretion of the trial court
(Yassin, 133 Ill. 2d at 467), as is the assessment of a monetary
award once sanctionable pleading has been found (Fried, 187 Ill.
App. 3d at 1027). However, the predicate to such deference is
that the circuit court must base its determination upon evidence
taken at a hearing or matters of record which justify foregoing
an evidentiary hearing. In re Estate of Smith, 201 Ill. App. 3d
at 1009. In this case, the orders entered by the court suggest
that no evidence was taken either on the issue of whether
Century's complaints were filed for any improper purpose or on
the issue of the reasonableness of the sanctions awarded. We do
not wish to be understood as suggesting that sanctions would not
be warranted if the court's findings as contained in its
memorandum order were proven true. We only find that the court
erred in failing to hold an evidentiary hearing on the merits of
the defendants' motions pursuant to Rule 137, and upon the
reasonableness of the fees awarded.
 Accordingly, we vacate the judgment against Century and
Steinberg, and remand this cause to the circuit court for further
proceedings consistent with this opinion.
 Vacated and remanded.
 CAHILL and O'BRIEN, JJ., concur.