SECOND DIVISION
 May 6, 1997 








No. 1-95-3536

MARIO ALCANTAR, a Minor, by his Mother, ) Appeal from the
KATHY ALCANTAR; LANCE JONES, a Minor, and ) Circuit Court of
MICHAEL JONES, a Minor, by their Mother, ) Cook County.
MIRANDA JONES; and JOHN JONES, a Minor, )
by his Mother, ALMA JONES, )
 Plaintiffs, )
 )
 v. )
 )
PEOPLES GAS LIGHT AND COKE COMPANY, )
 Defendant-Appellee and Cross-Appellant )
 )
(Mamie Carpenter and Otis Carpenter, )
 Defendants, ) 
 ) Honorable
Benjamin and Shapiro, ) Ian H. Levin,
 Respondent-Appellant and Cross-Appellee.) Judge Presiding.


 JUSTICE McNULTY delivered the opinion of the court:

 Respondent, the law firm of Benjamin & Shapiro, appeals from the
trial court order denying its motion for substitution of judge and
from the order imposing sanctions against Benjamin & Shapiro in the
amount of $13,028.71, for filing a frivolous complaint against
defendant Peoples Gas. Peoples Gas cross-appeals from the trial
court's sanction order, claiming that the court should have awarded
attorney fees and costs in the entire amount requested by Peoples Gas,
$21,690.66. Peoples Gas also seeks attorney fees and costs on the
basis that this appeal is frivolous. We affirm the trial court order
denying Benjamin & Shapiro's motion for substitution of judge, and we
also affirm the trial court order awarding $13,028.71 in sanctions to
Peoples Gas. We deny Peoples Gas' motion for sanctions on appeal.
 Plaintiffs, Mario Alcantar, Lance Jones, Michael Jones and John
Jones, first filed suit against defendants Mamie and Otis Carpenter
on August 22, 1990, alleging that they suffered personal injuries in
a gas explosion at the Carpenters' home on February 27, 1990. In
response to a subpoena issued to Peoples Gas on August 24, 1990,
Peoples Gas produced records showing that the Carpenters called
Peoples Gas on January 18, 1990, requesting a shut off of gas services
at the premises. The shut off was scheduled for January 23, 1990. 
Peoples Gas went to the premises on that date but could not gain
access to the gas meter, because the customer was not present. The
customer subsequently rescheduled the shut off to April 11, 1990, but
Peoples Gas was unable to complete the shut off on that date because
the B-Box (underground valve) could not be located. The distribution
department of Peoples Gas was sent to the premises on April 25, 1990,
to locate the B-Box, and the shut off was completed on that date. 
There was no record of a gas explosion on the premises. 
 The depositions of all four plaintiffs were taken on October 12,
1992. Plaintiffs testified that they entered the Carpenters vacant
home and set a fire to help them see where they were going. Plaintiff
Michael Jones filled a plastic bowl with papers, ignited a piece of
paper using the furnace and placed the burning piece of paper in the
bowl. When Jones got to the second floor of the house, he dropped the
bowl, causing the fire to spread. According to a fire department
report, when questioned immediately after the fire, Jones claimed that
he had used matches to light the fire. 
 Mamie Carpenter testified at her deposition taken on May 13,
1993, that she telephoned Peoples Gas in January of 1990 to cancel gas
service at the premises but was advised to keep the gas service
throughout the winter so that pipes in the premises would not freeze.
 On September 27, 1993, plaintiffs amended their complaint against
the Carpenters, naming Peoples Gas as an additional defendant. 
Plaintiffs alleged that Peoples Gas was negligent in failing to
terminate gas service to the vacant building although it had been
requested to do so, failing to notify the Carpenters' that the gas had
not been shut off and failing to post warnings that the building was
dangerous. 
 The Carpenters and Peoples Gas each moved for summary judgment. 
Peoples Gas alleged in its motion for summary judgment filed on
September 19, 1994, that it owed no duty to plaintiffs since
plaintiffs had set the fire themselves and that there was no defect
in the gas service. On September 21, 1994, Peoples Gas filed a motion
for costs and attorney fees against plaintiffs and the law firm of
Benjamin & Shapiro, alleging that plaintiffs' complaint was filed in
bad faith because, at the time of the filing, they knew that the
allegations in their complaint were untrue. Summary judgment was
entered in favor of the Carpenters and Peoples Gas. 
 After entering summary judgment in Peoples Gas' favor, the court
noted that it was "strongly inclined" to grant Peoples Gas' motion for
costs and attorney fees based on plaintiffs' bad-faith pleading, but
it gave the parties additional time to file supplemental briefs on the
issue of sanctions under Supreme Court Rule 137. 134 Ill. 2d R. 137. 
The trial court continued the matter to March 15, 1995, and the matter
was later rescheduled for May 5, 1995, for a hearing as to whether to
allow sanctions, and if so, the scope of such sanctions.
 On March 31, 1995, Benjamin & Shapiro filed a motion for
substitution of judge and a motion to clarify the nature of the
hearing set for May 5, 1995. On September 31, 1995, the trial court
entered an order denying these motions and another order awarding
Peoples Gas attorney fees and costs in the amount of $13,028.70. The
court specifically found the entire amount requested by Peoples Gas,
$21,690.66, to be legitimate but exercised its discretion to reduce
the award. 
 Benjamin & Shapiro claims on appeal that the trial court erred
in denying its motion for substitution of judge. The trial court
denied Benjamin & Shapiro's motion on the basis that the statute
regarding substitution of judge as of right and for cause applies only
to civil actions, and this was not a new civil action. The trial
court also ruled that the motion for substitution was untimely since
the trial court had already made a substantive ruling on the case. 
 Benjamin & Shapiro first claims that it was entitled to a
substitution of judge as a matter of right. The substitution of judge
as a matter of right is absolute where the motion requesting the
substitution is filed before the judge presiding in the case has made
a substantial ruling. Section 2-1001(2) of the Code of Civil
Procedure, provides:
 "(2) Substitution as of right. When a party timely
 exercises his or her right to a substitution without cause
 as provided in this paragraph (2).
 (i) Each party shall be entitled to one
 substitution of judge without cause as a matter of
 right.
 (ii) An application for substitution of judge as
 of right shall be made by motion and shall be granted
 if it is presented before trial or hearing begins and
 before the judge to whom it is presented has ruled on
 any substantial issue in the case, or if it is
 presented by consent of the parties." 735 ILCS 5/2-
 1001(2)(West 1994).
A petition for substitution of judge as a matter of right must be
brought at the earliest practical moment in order to prohibit a
litigant from "judge shopping" after learning that the judge may be
unfavorably disposed toward his or her cause. Paschen Contractors,
Inc. v. Illinois State Toll Highway Authority, 225 Ill. App. 3d 930,
590 N.E.2d 539 (1992). 
 Benjamin & Shapiro relies on Nunes v. Northwest Hospital, 253
Ill. App. 3d 337, 41 N.E.2d 376 (1993), in support of its claim that
its motion to substitute as of right was timely filed. In Nunes, at
the conclusion of the underlying malpractice case, Thomas Boyd, an
attorney who was neither a party of record nor the attorney of record
in the underlying case, filed a request for attorney fees pursuant to
the attorney's lien act. Boyd filed a request for substitution of
judge immediately upon entry into the case. The court found that
Boyd's request was timely filed, since it was in relation to a matter
different from the underlying litigation and was filed prior to any
hearing or ruling on the supplemental matter of attorney fees. 
 In the instant case, the law firm of Benjamin & Shapiro was the
attorney of record in the underlying case. Furthermore, briefs had
been filed and the court had expressed the fact that it was "strongly
inclined" to award sanctions prior to Benjamin & Shapiro's request for
substitution of judge, thus suggesting that Benjamin & Shapiro filed
its request in order to avoid an adverse ruling. Moreover, while in
Nunes the request for fees under the attorney lien act involved issues
separate and distinct from those presented in the underlying case,
here Peoples Gas' request for sanctions directly concerned the issues
raised in the underlying case, whether Benjamin & Shapiro had any
basis for alleging that a gas explosion caused plaintiffs' injuries. 
Supreme Court Rule 137 specifically provides that sanction proceedings
brought under this rule do not give rise to a separate suit but are
considered part of the original suit. 134 Ill. 2d R. 137. The fee
issue here was a continuation of the underlying case, and Benjamin &
Shapiro's request for substitution of judge as a matter of right was
untimely filed. 
 Benjamin & Shapiro next claims that it was entitled to
substitution of judge for cause since the trial judge predetermined
the outcome of the case when he stated that he was strongly inclined
to grant the motion for sanctions, before briefing had been completed
or a complete hearing was held. Benjamin & Shapiro also claims that
the trial judge erred in ruling on the motion for substitution for
cause, rather than transferring the motion to another judge. Section
2-1001(a)(3) of the Code of Civil Procedure provides:
 "(3) Substitution for cause. When cause exists.
 (i) Each party shall be entitled to a
 substitution or substitutions of judge for cause.
 (ii) Every application for substitution of judge
 for cause shall be made by petition, setting forth
 the specific cause for substitution and praying a
 substitution of judge. The petition shall be verified
 by the affidavit of the applicant.
 (iii) Upon the filing of a petition for
 substitution of judge for cause, a hearing to
 determine whether the cause exists shall be conducted
 as soon as possible by a judge other than the judge
 named in the petition." 735 ILCS 5/2-1001(a)(3) 
 (West 1194).
 In order to be entitled to a hearing before another judge on
whether a substitution for cause is warranted, the motion must allege
grounds that, if taken as true, would justify granting a substitution
for cause. In People v. Damnitz, 269 Ill. App. 3d 51, 645 N.E.2d 465
(1994), the defendant claimed that the trial court violated procedures
mandated by statute when it refused to transfer to another judge
defendant's motion for substitution of judge for cause. The court
disagreed, finding that a transfer to another judge was not necessary
since defendant failed to establish even a threshold basis for his
substitution motion. The court noted that the alleged bias of a trial
judge "must be shown to have stemmed from an extra-judicial source and
result in an opinion on the merits on some basis other than what the
judge learned from his participation in the case." Damnitz, 269 Ill.
App. 3d at 57. See Liteky v. United States, 510 U.S. 540, 127 L. Ed.
2d 474, 114 S. Ct. 1147 (1994)(judicial rulings alone almost never
constitute valid basis for a bias or partiality motion).
 The threshold showing of prejudice warranting transfer to another
judge was not met in the instant case. Benjamin & Shapiro alleged
that the trial judge's prejudice was evident from his comment that he
was strongly inclined to grant Peoples Gas' motion for sanctions. The
trial court made this remark after granting summary judgement in
Peoples Gas' favor on the basis that the evidence clearly showed that
there was no gas explosion. The trial judge's remark regarding
sanctions was based on the evidence in the case and does not meet a
threshold showing of prejudice against Benjamin & Shapiro. See
Hartnett v. Stack, 241 Ill. App. 3d 157, 171, 607 N.E.2d 703 (1993)
(the trial judge's remark that "there will be a sanctions hearing
against the Defendant in my opinion" does not show that the trial
judge was prejudiced against defendant). The trial court therefore
properly denied Benjamin & Shapiro's motion for substitution without
transferring the matter for a hearing before a different judge. 
 Benjamin & Shapiro next claims that the trial court erred in
denying its motion for clarification and in granting Peoples Gas'
motion for attorney fees. Benjamin & Shapiro claims that the trial
court should have first specifically stated the basis for granting
sanctions and then given Benjamin & Shapiro an opportunity to contest
the reasonableness of the requested fees in an evidentiary hearing. 
 Our review of the record reveals that the trial court clearly
expressed to Benjamin & Shapiro that it was awarding fees based on the
fact that Benjamin & Shapiro knew prior to filing suit against Peoples
Gas that there was no gas explosion and that plaintiffs' entire claim
was baseless. Furthermore, the trial court gave Benjamin & Shapiro
ample opportunity to brief and argue the issue of the reasonableness
of the fees requested by Peoples Gas. While Benjamin & Shapiro now
claims that it was denied the right to an evidentiary hearing in which
it could contest the reasonableness of the fees, the fact remains that
Benjamin & Shapiro never requested such a hearing. Attorney fees may
be awarded without holding an evidentiary hearing when detailed
billing sheets and information regarding the manner in which fees have
been calculated have been submitted to the trial court. Raintree
Health Care Center v. Illinois Human Rights Comm'n, 173 Ill. 2d 469,
672 N.E.2d 1136 (1996) In the instant case, Peoples Gas submitted
detailed information permitting the trial court to determine what fees
were reasonable.
 In its cross-appeal, Peoples Gas claims that because the trial
court found that all of the fees requested were legitimate, the court
should have awarded to Peoples Gas the entire $21,690.66 it had
requested. The amount of attorney fees assessed lies within the sound
discretion of the trial court and should not be disturbed absent a
clear abuse of discretion. Fried v. Barad, 187 Ill. App. 3d 1024, 543
N.E.2d 1018 (1989). We find no abuse of discretion here.
 Peoples Gas has also filed a motion for sanctions against
Benjamin & Shapiro under Supreme Court Rule 375 (134 Ill. 2d R. 375)
for filing a frivolous appeal. We deny Peoples Gas' motion for
sanctions on appeal, in light of the fact that there is little case
law on the issue of what threshold must be met in order to warrant the
transfer of a motion for substitution of a judge for cause to a judge
other than the one named in the motion.
 Accordingly, for the reasons set forth above, the trial court
order denying Benjamin & Shapiro's motion for substitution of judge is
affirmed, as is the trial court order awarding Peoples Gas $13,028.71
in fees and costs as a sanction against Benjamin & Shapiro for filing
a frivolous complaint. We deny Peoples Gas' motion for sanctions on
appeal.
 Affirmed. 
 DiVITO, P.J., and RAKOWSKI, J., concur.