# Illinois Official Reports

## Appellate Court

*3432 West Henderson Building, LLC v. Gizynski*, **2017 IL App (1st) 160588**

| | |
|---|---|
| Appellate Court Caption | 3432 WEST HENDERSON BUILDING, LLC, as Successor in Interest to Citizens Bank & Trust Company of Chicago, Plaintiff-Appellee and Cross-Appellant, v. WIESLAW GIZYNSKI, Defendant-Appellant and Cross-Appellee.—NORTHEASTERN ILLINOIS UNIVERSITY, Plaintiff, v. WIESLAW GIZYNSKI, Defendant. |
| District & No. | First District, Second Division<br>Docket No. 1-16-0588 |
| Filed<br>Rehearing denied | June 20, 2017<br>July 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 09-CH-20706, 13-L-50596; the Hon. Carl Anthony Walker, Judge, presiding. |
| Judgment | Affirmed in part, reversed in part, and remanded for further proceedings. |
| Counsel on Appeal | Adam J. Augustynski, of Chicago, for appellant.<br><br>Jeffery M. Heftman and Steven H. Leech, of Gozdecki, Del Guidice, Americus, Farkas & Brocato LLP, of Chicago, for appellee. |

Panel                        PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.
Justices Pierce and Mason concurred in the judgment and opinion.

## OPINION

¶ 1       The underlying case involved default on a note and mortgage. The issues defendant Wieslaw Gizynski raises pertain to the amount and calculation of the trial court's award of attorney's fees[1] and interest on the fees. On cross-appeal, 3432 West Henderson Building, LLC (Henderson Building), contends the trial court erred in denying its motion for leave to file a fee petition regarding Gizynski's motion to reconsider. Because we find the trial court properly calculated Henderson Building's attorney's fees, including default interest, and was not obligated to hold an evidentiary hearing on the fee request, we affirm the order and its denial of the motion to reconsider. But as to the trial court's denying Henderson Building's request to file a fee petition for the time spent responding to the motion to reconsider, we remand for further consideration as well as consideration of fees incurred in this proceeding.

¶ 2                                       BACKGROUND

¶ 3       Gizynski owned commercial property at 3432 West Henderson Street since 1994. In April 2005, he signed a note for a $1.4 million loan from Citizens Bank & Trust Company of Chicago. A first mortgage on the property secured the note. The following month the parties amended the terms so that, in the event of default, the interest rate would increase to a total interest rate of 13.5%. In February 2009, Gizynski defaulted on the loan, and Citizens Bank filed a foreclosure proceeding. While the foreclosure case was pending, Henderson Building acquired the promissory note and mortgage, substituted itself as the successor real party in interest, and filed an amended verified complaint.

¶ 4       In January 2013, Northeastern Illinois University (NEIU) filed a petition to intervene in the foreclosure case to exercise eminent domain over the property. NEIU filed a complaint for condemnation and, ultimately, acquired the property for $5.2 million. A joint motion for entry of stipulation of value and an order of judgment vesting fee simple title in NEIU was granted, and the foreclosure and condemnation cases were consolidated. NEIU deposited the $5.2 million with the Cook County Treasurer.

¶ 5       In November 2014, Henderson Building filed a petition for disbursement of funds in the consolidated case. Henderson Building sought a payoff amount of nearly $2.6 million, which included (i) unpaid principle balance, (ii) reimbursement of an advance to satisfy property taxes and liens against the property, (iii) late fees, (iv) attorney's fees of $108,104.35, and (v) $1,005,279.21 in accrued interest. The petition attached the affidavit of Gayle Teicher, an

---

[1]Throughout this opinion we deviate from the Style Manual for the Supreme and Appellate Courts of Illinois (4th ed. 2012) by using "attorney's fees" instead of "attorney fees." As noted by legal grammarian and author of the leading books on legal writing, Bryan Garner, in A Dictionary of Modern Legal Usage 91 (2d ed. 1995), "attorney's fees" is the prevalent form. Moreover, the Illinois Mortgage Foreclosure Act, which is discussed in this opinion, refers to "attorney's fees." See 745 ILCS 5/15-1510 (West 2014).

accountant for Henderson Building, stating that the attorney's fees had been paid or were in the process of being paid.

¶ 6     In December 2014, the trial court gave Gizynski until February 4, 2015, to reply to Henderson Building's disbursement petition. On February 4, Gizynski sought additional time to respond, and the trial court gave him until March 3. In the interim, on January 30, Henderson Building filed supplemental exhibits to its petition, which included an additional $15,868.95 in attorney's fees incurred in defending against Gizynski's reply to its disbursement petition, for a total payoff amount of $2,657,203.16.

¶ 7     On March 3, 2015, Gizynski filed his reply, raising numerous objections to Henderson Building's disbursement request including its assertions that the loan documents were not originals, Henderson Building incorrectly calculated the payoff amount, Henderson Building was not obligated to purchase other liens on the property, Henderson Building should not be awarded attorney's fees relating to the condemnation case, and attorney's fees and real estate taxes should not be added to principal once the foreclosure case was filed.

¶ 8     On April 3, 2015, Gizynski's attorney filed a motion to withdraw, stating that Gizynski had terminated his service and retained another attorney. Henderson Building filed a response objecting to the motion to withdraw and asking that it only be granted if a substitute appearance was filed and if the court did not delay the scheduled May 6, 2015, hearing on its disbursement petition. The trial court denied the motion to withdraw at that time but continued the hearing on the disbursement petition until May 20, 2015. (The record does not indicate a final ruling on the motion to withdraw, and the same attorney is now representing Gizynski on appeal.)

¶ 9     On May 15, 2015, Henderson Building filed supplemental exhibits in support of its disbursement petition, showing additional attorney's fees of $52,123.52 and a payoff amount of nearly $2.8 million.

¶ 10    On May 20, 2015, the trial court entered an order granting Gizynski and Henderson Building until June 10 to submit authority addressing a mortgagee's right to collect interest up to satisfaction of a condemnation award. On July 8, Henderson Building filed supplemental exhibits in support of its petition showing an additional $17,348.41 in attorney's fees and a payoff amount of $2,826,316.02.

¶ 11    On September 24, 2015, the trial court entered an opinion and order granting Henderson Building's disbursement petition. The trial court stated that the mortgage expressly added to the balance of the note various expenses the lender was required to pay, namely "taxes, liens, security interest, encumbrances and other claims" levied or placed on the property, or advance funds otherwise necessary "for insuring, maintaining and preserving the Property." Henderson Building paid property taxes and discharged four receiver's liens on the property and included those amounts to the unpaid loan balance. The trial court found that the proper interest rate under the amended terms was 13.5% from the date of default based on the original 7.5% interest rate and an additional 6% default rate. The court also found Henderson Building was entitled to late fees.

¶ 12    In addition, the note and mortgage expressly provided for reimbursement of attorney's fees. The note stated that if the borrower fails to pay and the lender hires attorneys to help collect on the note, the borrower owes the lender its attorney's fees and expenses whether or not there is a lawsuit. The mortgage similarly provided, "[i]f Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such

sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal." Further, the mortgage provided that "all reasonable expenses Lender incurs that in Lenders' opinion are necessary at any time for the protection of its interest or the enforcement of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until paid."

¶ 13    Analyzing Henderson Building's attorney's fees request, the trial court stated:

"Henderson Building's legal expenses were incurred over a [2½-]year period, beginning in February of 2012, and involved multiple, protracted actions. Henderson Building incurred legal expenses in relation to the condemnation action initiated by NEIU and the subsequent consolidation of those actions. Henderson Building also incurred attorneys' fees in relation to a planned UCC sale of an assignment of the beneficial interest in Gizynski's land trust, which was necessitated by the slow progression of the foreclosure proceeding. Henderson Building's total legal expenses for all these matters was $108,104.35. *** Those fees are similar to the rates charged by firms of similar size and stature engaged in the practices of commercial litigation with offices located in Cook County, Illinois."

¶ 14    The trial court rejected Gizynski's argument that Henderson Building should not be awarded attorney's fees relating to the foreclosure consolidated with the condemnation case because the foreclosure was "unsuccessful and not completed." The trial court noted that this claim was unsupported by legal authority and contradicted by the plain language of the note and mortgage, which did not require a foreclosure to be successful and complete for the lender to be entitled to attorney's fees. Also rejected was Gizynski's assertion that Henderson Building did not show that the attorney's fees had been paid, noting that Henderson Building submitted the affidavit of its accountant averring that the attorney's fees were paid or in the process of being paid. Lastly, the trial court rejected Gizynski's argument that Henderson Building's attorney added no value to the case: "Whether any value was added is irrelevant to the analysis. What matters is whether the attorneys' fees were reasonable and whether Henderson Building deemed the attorneys' services necessary."

¶ 15    The trial court approved Henderson Building's initial request of $108,104.35 in attorney's fees and joined it to the principal, which accrued interest at a rate of 13.5% under the default interest provision. By a separate order, the trial court directed Henderson Building to submit a final payoff amount including interest. On the issue of the attorney's fees, the trial judge said that "the attorney fees need some adjustment and may need some further review. *** [F]ees need to be reasonable. So, I still need to do further review of those once you come up with a final number."

¶ 16    As noted, while its petition was pending, Henderson Building filed supplemental exhibits showing additional attorney's fees incurred, and on September 25, 2015, it filed final supplemental exhibits reflecting a total payoff amount of $2,885,837.13, which included an additional $5785.50 in attorney's fees for a total of $199,229.78, and the continual accrual of interest. On October 1, 2015, the trial court directed the Cook County Treasurer to disburse $2,885,837.14 to Henderson Building.

¶ 17    Gizynski filed a motion to reconsider the disbursement order, arguing (i) default interest should not have been applied to the attorney's fee award, (ii) the trial court failed to make a written finding regarding the appropriateness of the attorney's fees incurred after Henderson Building filed its petition, and (iii) the court failed to hold an evidentiary hearing regarding the

- 4 -

appropriateness of the attorney's fee award. In its reply, Henderson Building asked the court for leave to file a fee petition for attorney's fees it incurred in defending the motion. The trial court denied the motion to reconsider and Henderson Building's request for additional attorney's fees.

¶ 18    Gizynski appeals the disbursement order and the denial of its motion to reconsider. Henderson Building cross-appeals, asking us to reverse the trial court's denial of its request for leave to file a fee petition relating to the motion to reconsider. Henderson Building asks us to award it reasonable attorney's fees and expenses incurred in this appeal and remand for a hearing on the reasonableness of attorney's fees in the motion to reconsider.

¶ 19                                   ANALYSIS

¶ 20    Initially, we note that Gizynski's brief fails to include appropriate references to the pages of the appellate record in its statement of facts and its argument section in violation of Illinois Supreme Court Rule 341(h)(6), (7) (eff. Feb. 6, 2013). It is within our discretion to strike a brief and dismiss an appeal for failure to comply with the rules. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. Because the brief is adequate in most respects and the deficiencies do not hinder our ability to review the issues, we will not strike it. See *Spangenberg v. Verner*, 321 Ill. App. 3d 429, 432 (2001) (declining to strike brief where it complied with rules in other ways and none of the violations were so flagrant as to hinder or preclude review).

¶ 21                                Attorney's Fees

¶ 22    Turning to the merits, Gizynski argues that the trial court (i) should not have calculated the interest on the attorney's fees at the default rate of 13.5%, as the fees were not part of the principal indebtedness and the Eminent Domain Act (735 ILCS 30/1-1-1 *et seq.* (West 2014)) does not permit interest on attorney's fees, (ii) should not have awarded attorney's fees because Henderson Building was not successful in the foreclosure case, (iii) improperly awarded Henderson Building more than $199,000 in attorney's fees rather than the $108,104.35 it was owed, and (iv) should have held an evidentiary hearing on the fee request and required Henderson Building to submit time sheets to support the computerized billing statements.

¶ 23    Attorney's fees in mortgage foreclosure proceedings are governed by section 15-1510 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1510 (West 2014)). That section permits an award of reasonable attorney's fees and costs "to the defendant who prevails in a motion, an affirmative defense or counterclaim, or in the foreclosure action." 735 ILCS 5/15-1510(a) (West 2014). Section 15-1510(b) provides that "[a]ttorneys' fees and other costs incurred in connection with the preparation, filing or prosecution of the foreclosure suit shall be recoverable in a foreclosure only to the extent specifically set forth in the mortgage or other written agreement between the mortgagor and the mortgagee or as otherwise provided in this Article." 735 ILCS 5/15-1510(b) (West 2014). The statute does not abrogate the contractual terms of the mortgage in the assessment of attorney's fees. 735 ILCS 5/15-1510(a) (West 2014). Generally, we review a trial court's award of attorney's fees under the deferential abuse of discretion standard. *Chicago Title & Trust Co v. Chicago Title & Trust Co.*, 248 Ill. App. 3d 1065, 1072 (1993). Here, we must interpret the language of the mortgage and note,

and we thus apply the *de novo* standard of review, which we apply to contracts. *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 26.

¶ 24    Gizynski first contends the trial court erred in adding the attorney's fees to the principal, which accrued interest at a default rate of 13.5%. Gizynski argues that section 15-1510(b) of the Foreclosure Law controls and does not permit adding attorney's fees to the principal. As noted, section 15-1510 expressly states that the statute does not abrogate the terms of the mortgage; thus, we must look to those sections of the loan documents addressing attorney's fees. Gizynski contends the default rate of 13.5% applies only to the principal indebtedness and that, under the language of the mortgage and the note, "indebtedness" does not include attorney's fees. The mortgage broadly defines indebtedness: "any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by lender to enforce Grantor's obligations under this Mortgage, together with interest on such amounts as provided in this Mortgage." The mortgage further states that "all reasonable expenses Lender incurs that in Lenders' opinion are necessary at any time for the protection of its interest or the enforcement of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until paid." And it states that the lender's attorney's fees for protecting its interest "shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid." So the loan documents permit attorney's fees to be added to the principal indebtedness, which under the changes in terms of agreement, accrued interest at the default rate of 13.5%.

¶ 25    Gizynski also contends that Henderson Building should not be awarded attorney's fees, as Henderson Building abandoned the foreclosure case by having failed to respond to his motion to dismiss the fourth amended complaint for foreclosure, and should not be awarded attorney's fees incurred in pursuing the foreclosure action. As the trial court noted, "[n]either the note nor mortgage require a legal action to be successful and completed for the lender, Henderson Building, to recover reasonable attorneys' fees." The note provides for recovery of attorney's fees "whether or not there is a lawsuit." Similarly, the mortgage provides for the lender to recover reasonable attorney's fees "whether or not any court action is involved." As a result, we reject Gizynski's contention that the trial court could award Henderson Building attorney's fees only in the event the foreclosure case went to judgment.

¶ 26    Gizynski next asserts that rather than apply the Foreclosure Law or look to the terms of the mortgage in analyzing the attorney's fee issue, we should look to the Eminent Domain Act. Specifically, Gizynski contends that after fee title was transferred to NEIU, the foreclosure case ended and the matter became a condemnation case governed by the Eminent Domain Act. As such, the trial court may not award interest on attorney's fees. We disagree.

¶ 27    While the consolidation of the cases and the transfer of title effectively halted the foreclosure case, Henderson Building retained its interest in the property through the mortgage and was forced to incur legal expenses to protect that interest in response to claims by Gizynski. As the trial court noted, "the very arguments Gizynski offered in an attempt to oppose a disbursement" often "proffered without any legal support or basis" "were claims that would materially affect Henderson Building's interest in the Property or the proceeds thereof."

¶ 28    Moreover, the condemnation provision in the mortgage permits Henderson Building to recover its attorney's fees. Specifically, the provision titled "Application of Net Proceeds" states:

"If all or any part of the Property is condemned by eminent domain proceedings or by any proceeding or purchase in lieu of condemnation, Lender may at its election require that all or any portion of the net proceeds of the award be applied to the Indebtedness or the repair or restoration of the Property. The net proceeds of the award shall mean the award after payment of all reasonable costs, expenses and attorneys' [sic] fee incurred by Lender in connection with the condemnation."

¶ 29 As noted, "indebtedness" includes attorney's fees the lender incurs in protecting its interest or enforcing its interest or rights under the mortgage. After filing its disbursement petition in November 2014 until the trial court's September 24 order, Henderson Building incurred attorney's fees enforcing its rights under the mortgage against numerous claims by Gizynski including that (i) the mortgage documents were not originals, (ii) Henderson Building was not legally obligated under the mortgage to purchase liens that affected the property, (iii) Henderson Building is not entitled to the interest requested because it acquired the mortgage and note from a company not entitled to do business in Illinois, and (iv) late fees owed under the mortgage were improperly calculated. Thus, as Henderson Building incurred these attorney's fees while protecting its interests under the mortgage, they were properly counted as part of the indebtedness and could be paid from the net proceeds of the condemnation proceeding. Nothing in the Eminent Domain Act prevents parties from contractually agreeing to pay interest on attorney's fees or precludes Henderson Building from enforcing that agreement. The trial court properly looked to the mortgage in assessing attorney's fees.

¶ 30 Gizynski next contends that in its September 24, 2015 order, the trial court awarded Henderson Building $108,104.35 in attorney's fees but that its ultimate award included attorney's fees totaling more than $199,000. Gizynski suggests Henderson Building acted improperly by trying to "hide" an additional $91,000 in fees in the final disbursement order. This assertion is without merit.

¶ 31 In its September 24, 2015, opinion and order, the trial court noted that Henderson Building's attorney's fees as set forth in its original petition totaled $108,104.35, "[t]o date." And, in a separate order the same date, the trial court instructed that it needed to undertake additional review of the attorney's fees owed and asked Henderson Building to submit a final payoff amount including interest. In court, the trial judge stated that the attorney's fees needed adjustment and possibly further review. "[F]ees need to be reasonable," the trial court said. "So, I still need to do further review of those once you come up with a final number." With leave of court, Henderson Building submitted supplemental exhibits in support of its final payoff statement, listing attorney's fees in the amount of $199,229.78. Thus, Gizynski's contention that Henderson Building acted improperly or that the trial court had no basis for its attorney's fee award is erroneous.

¶ 32 Gizynski also contends Henderson Building failed to present sufficient documentation to support the attorney's fees award. Again we disagree. The record shows that as of November 18, 2014, Henderson Building requested $108,104.35 in attorney's fees. After that date, Henderson Building submitted multiple supplemental exhibits showing attorney's fees incurred since that date, with detailed billing statements. For instance, on January 23, 2015, Henderson Building filed a supplemental exhibit with billing records showing that it had incurred an additional $15,868 in attorney's fees for a total of $123,972.35. Henderson Building again supplemented its petition on May 15, 2015, with an exhibit showing that it had

incurred an additional $52,123.52 in attorney's fees, and on July 8, 2015, showing an additional $17,348.41 in attorney's fees. As noted, on September 25, 2015, Henderson Building submitted its final payoff statement and supporting documents, with an additional attorney's fees amount of $5785.50, for a total in attorney's fees of $199,229.78. All of these supplemental exhibits include detailed billing statements to permit the trial judge to determine the reasonableness of the fees charged.

¶ 33    Without supporting authority, Gizynski proposes that Henderson Building should have been required to submit the fee agreement and a litigation budget. The trial court had sufficient documentation to assess Henderson Building's attorney's fee petitions and did not err in its calculation.

¶ 34                                   Evidentiary Hearing

¶ 35    Gizynski believes the trial court committed reversible error by failing to hold an evidentiary hearing on Henderson Building's attorney's fee request. Again, Gizynski presents no authority. In any event, this court has held that trial courts faced with fee petitions are not required to hold evidentiary hearings as a matter of course. *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 113 (fee petition warrants evidentiary hearing only when response of party to be charged with paying award raises issues of fact that cannot be resolved without further evidence); see also *Raintree Health Care Center v. Illinois Human Rights Comm'n*, 173 Ill. 2d 469, 495 (1996) (stating "courts frequently award attorney fees *** without holding evidentiary hearings"). The person asking for fees and costs has the burden of proof. *Fried v. Barad*, 187 Ill. App. 3d 1024, 1029 (1989). Where proof can be made on the basis of pleadings or trial evidence, an additional hearing is not required. *Id.*

¶ 36    Next, Gizynski argues, relying on *Aliano v. Sears, Roebuck & Co.*, 2015 IL App (1st) 143367, that the trial court's award of attorney's fees constituted reversible error because Henderson Building did not support its request for fees with the "underlying time sheets." Gizynski failed to raise this issue before the trial court; it is forfeited. *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 453 (2007) (arguments not raised before trial court are forfeited).

¶ 37    Lastly, we reject Gizynski's insistence that the record does not support Henderson Building having paid the attorney's fees. As noted, Henderson Building's petition for disbursement included the affidavit of its accountant stating that the attorney's fees had been paid or were in the process of being paid. Nothing else in the record supports a finding that this is false or that the fees have not been paid.

¶ 38                         Cross-Appeal for Attorney's Fee Petition

¶ 39    On cross-appeal, Henderson Building asks us to reverse the denial of its motion for leave to file a petition for fees incurred in defending against Gizynski's motion to reconsider and asks that the case be remanded for consideration of the reasonableness of attorney's fees it requested in defending that motion and in this appeal.

¶ 40    As noted, a trial court has broad discretion in awarding attorney's fees, and its decision will not be reversed absent an abuse of discretion. *Richardson v. Haddon*, 375 Ill. App. 3d 312, 314 (2007). A court may consider a multitude of factors, including the nature of the case, its difficulty level, the skill and standing of the attorney, the degree of responsibility required, the

usual and customary charges for similar work, and the connection between the litigation and the fees charged. *Id.* at 314-15. In *Richardson*, we found that the trial court abused its discretion by summarily disregarding a fee petition, stating that "the trial court should either award those fees that it decides are reasonable or clearly state the reasons for the particular reductions" instead of denying the attorney's fee petition in entirely. *Id.* at 316. The trial court denied Henderson Building's request for leave to file a fee petition without explanation. We must reverse that part of its order and remand for reconsideration and an explanation as to why Henderson Building is not entitled to request reasonable attorney's fees in defending Gizynski's motion to reconsider.

¶ 41        Henderson Building also asks for attorney's fees for defending this appeal, noting that the mortgage provides for the recovery of attorney's fees and costs for "appeals, and any anticipated post-judgment collection services." Similarly, the note requires Gizynski to pay the lender's attorney's fees and legal expenses, "whether or not there is a lawsuit, including *** appeals." Henderson Building also points out that this court has held that attorney's fees incurred on appeal of a foreclosure case are recoverable. See *Standard Bank & Trust Co. v. Callaghan*, 215 Ill. App. 3d 76, 83 (1991) (holding provision in note intended to encompass all reasonable attorney's fees resulting from foreclosure proceedings, including fees incurred in seeking deficiency judgment and for appeals). On remand, the trial court should consider the reasonableness of Henderson Building's attorney's fees in this appeal.

¶ 42        Affirmed in part, reversed in part, and remanded for further proceedings.